UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dennis M. Kamara,

       Petitioner,

Court File No.: 13-CV-797 (DSD/SER)

v.

**REPORT AND RECOMMENDATION**

U.S. Department of Homeland Security,

       Respondent.

---

Dennis M. Kamara, *Pro Se*, Carver County Jail, 606 East Fourth Street, Chaska, Minnesota, 55318.

Gregory G. Brooker, Esq., United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Defendant.

---

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Dennis M. Kamara's ("Kamara") Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A), (B), and (C), and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends denying the Petition as moot.

**I.     BACKGROUND**

Kamara was taken into immigration custody on September 4, 2012. (Pet. at 5).[1] On September 18, 2012, a removal order was issued. (*Id.*). Kamara sought release from various U.S. Bureau of Immigration and Customs Enforcement ("ICE") detention offices in March 2013,

---

[1]     Page numbers refer to the CMECF pagination not the Petition's original pagination.

but he was denied release and was ordered to stay in ICE custody another ninety (90) days. (*Id.* at 6).

Kamara then filed his Petition on April 5, 2013, pursuant to 28 U.S.C. § 2241, challenging his immigration detention.[2] (Pet. at 1–2). Kamara claims that he had been detained for six months by ICE in violation of the Supreme Court's decision in *Zadvydas v. Davis* and the laws and Constitution of the United States. (Homeland Security Resp.) [Doc. No. 5 at 1]; (Pet. at 2); (Letter to Court Dated April 23, 2013) [Doc. No. 4 at 1–2]; *Zadvydas v. Davis*, 533 U.S. 678 (2001). On May 3, 2013, Kamara was released from ICE custody pending his removal from the United States. (Release Notification, Attached to the Decl. of Gregory G. Brooker, "Release Notification") [Doc. No. 6 at 1–4].

## II. DISCUSSION

"Article III of the United States Constitution limits the jurisdiction of federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Hayden v. Pelofsky,* 212 F.3d 466, 469 (8th Cir. 2000) (internal citation and quotation omitted)). An actual controversy must exist at all stages of review, not merely at the time the complaint is filed. *Zanders v. Swanson*, 573 F.3d 591, 593 (8th Cir. 2009); *Ark. ALF–CIO v. FCC*, 11 F.3d 1430, 1435 (8th Cir. 1993) (*en banc*). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in

---

[2] In his Petition, Kamara noted that he did not appeal his removal decision because he "could not win [his] case." (Pet. at 2–3, 6). Elsewhere, Kamara states that he is "an applicant [for] removal [from] the United States but ICE has no grounds to deport him or her to his or her country because it's unsafe." (*Id.* at 7). The Petition, however, does not purport to challenge the removal decision and Kamara seeks relief in the form of supervised release. The Court, thus, finds Kamara's Petition is challenging solely his detention awaiting removal and not the removal decision itself.

2

circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Ali,* 419 F.3d at 724 (citation and quotation omitted).

In a habeas case, a petitioner's release from custody does not automatically render his petition moot. *Sayonkon v. Beniecke,* No. 12–cv–27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (citing *Spencer v. Kemna,* 523 U.S. 1, 7 (1998)). Once a § 2241 habeas petitioner has been removed from the United States and deported to his native country, however, his petition seeking release from ICE custody becomes moot, as there is no longer a live case or controversy as required by Article III. *See, e.g.*, *Estrada-Heredia v. Holder*, 12-cv-1157 (SRN/SER), 2012 WL 4839113, *2 (D. Minn. Sept. 25, 2012) *report and recommendation adopted*, 12-cv-1157 (SRN/SER), 2012 WL 4839019 (Oct. 11, 2012) (citations omitted).

Whether a petitioner's release renders the petition moot depends on certain potentially applicable exceptions to the mootness requirement. *Rennie v. Baniecke*, 12-cv-1715 (RHK/JJG), 2013 WL 1407675, *1 (D. Minn. Mar. 15, 2013) *report and recommendation adopted*, 12-cv-1715 (RHK/JJG), 2013 WL 1407356 (Apr. 8, 2013); *Sayonkon*, 2012 WL 1621149, at *2.

> Under these exceptions, the Petition should not be dismissed as moot if: '(1) secondary or collateral injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.'

*Sayonkon*, 2012 WL 1621149, at *2 (quoting *Riley v. I.N.S.,* 310 F.3d 1253, 1256 (10th Cir. 2002)). None of the exceptions apply to Kamara's Petition, thus, it must be denied as moot.

First, there are no collateral consequences from Kamara's supervised release. *See Rennie*, 2013 WL 1407675, at *2; *Sayonkon*, 2012 WL 1621149, at *2–3. Second, Kamara's detention does not meet the narrow exception of being capable of repetition but evading review because there is no evidence Kamara will be detained again for a lengthy period of time, as

3

evidenced by Kamara's release from ICE custody pending removal. *See Rennie*, 2013 WL 1407675, at *2; *Sayonkon*, 2012 WL 1621149, *3–4. Third, there is no evidence that U.S. Department of Homeland Security ("Homeland Security") released Kamara solely to avoid the Court's review of the Petition. *See Rennie*, 2013 WL 1407675, at *2; *Sayonkon*, 2012 WL 1621149, at *4. Fourth the class action exception is inapplicable because this is not a class action lawsuit. *See Rennie*, 2013 WL 1407675, at *2; *Sayonkon*, 2012 WL 1621149, at *5.

Kamara's Petition challenged only the length of his ICE detention and sought release. The Court can no longer order the relief sought in the Petition—the immediate release of Kamara from ICE custody because he was released from ICE custody on May 3, 2013. In addition, none of the four exceptions to the mootness doctrine apply. Therefore, it is recommended Kamara's Petition be found moot as there is no case or controversy sufficient to provide the Court jurisdiction under Article III.

### III. Kamara's Current Location

Because Kamara has been released, the Court is unsure whether the address on file with the Clerk of Court is correct. The provisions of Kamara's release suggest that Homeland Security can locate Kamara to advise him of the Court's Report and Recommendation. The Court, therefore, directs Homeland Security, its counsel, or both, to make reasonable efforts to provide Kamara with a copy of this Report and Recommendation by October 22, 2013.

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Kamara's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] be **DENIED as moot**; and

4

2. This action be **DISMISSED**.

Dated: Oct. 16, 2013

*s/ Steven E. Rau*
Steven E. Rau
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by October 30, 2013, a writing which specifically identifies those portions of this Report and Recommendation to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.